# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE L. MCRAE, : | |
| **Petitioner** : | |
| | CIVIL ACTION NO. 3:18-2298 |
| v. : | |
| | (Judge Mannion) |
| DAVID J. EBBERT : | |
| **Respondent** : | |

## MEMORANDUM

Andre L. McRae, an inmate confined in the United States Penitentiary, Lewisburg, Pennsylvania, filed the above captioned petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1, petition). He challenges a disciplinary action against him, which occurred while he was incarcerated at the United States Penitentiary II, Coleman, Florida. Id. Specifically, he claims that he was "deprived due process where the decision to charge and sanction him under Code 297 as opposed to a less severe charge and sanction under an identically described violation is vague, capricious and arbitrary." Id. For relief, he requests the incident report be vacated and "all sanctions restored, to include loss of 27 days good conduct time and all references to the incident report expunged from Petitioner's records." Id. The petition is ripe for disposition and, for the reasons that follow,

will be denied.

I. **Background**

On March 13, 2017 at approximately 5:30 p.m., Lieutenant J. Bosbous delivered Incident Report No. 2959116 to McRae, charging him with Telephone Abuse, in violation of Code 297. (Doc. 4-1 at 7, Incident Report). The incident report reads as follows:

> On March 6, 2017, at approximately 2:00 p.m., I monitored a telephone call made by McRae, Andre, Reg. No. 20831-057. McRae called phone number 786-546-6955 on 03-05-2017, at approximately 6:49 p.m. He spoke to a male individual. During the call McRae asked the male to call his mother. The male called his mother and was able to connect with her. McRae asked the male questions and the male related the information from one person to the other in a three way conversation. Three way calls are not authorized and pose a threat to the safe secure and orderly running of FCC Coleman USP 02. This is a re-write.

Id. On March 16, 2017, Petitioner appeared before the Unit Discipline Committee ("UDC"). (See Doc. 4-1 at 60, Committee Action). Due to the severity of the charges, the UDC referred the charge to the Discipline Hearing Officer ("DHO"), recommending "loss of phone for 120 days and loss of commissary for 90 days." Id. During the UDC hearing, staff member, Counselor Summerfield informed McRae of his rights at the DHO hearing and provided him with a copy of the "Inmate Rights at Discipline Hearing" form.

2

(Id. at 62, Inmate Rights at Discipline Hearing).

Also on March 16, 2017, McRae was provided with a "Notice of Discipline Hearing before the (DHO)" form. (Id. at 64). McRae did not request to have a staff representative. Id. He did request to have an inmate witness testify that he did not make a call. Id.

On March 22, 2017, McRae appeared for a hearing before DHO, W. White. (Doc. 4-1 at 65-67). He waived his right to have witnesses. Id. McRae neither admitted nor denied the charges before the DHO and stated "No comment". Id.

In addition to the Incident Report and Investigation, the specific evidence relied on to support the DHO's findings was as follows:

> Your due process rights were reviewed with you by the DHO at the time of the hearing. You stated you understood your rights, had no documentary evidence to present. You did not request any witnesses, and you declined the services of a staff representative to assist you during the hearing. You indicated to the DHO you were ready to proceed with the hearing.
>
> It should be noted that the original incident report was written on 03-06-2017. However, a rewrite of the incident report was requested due to additional information needed in the report. The second version was written on 03-13-2017 and you were given your copy on 03-13-2017. This was explained to you and noted during your DHO hearing. This delay did not affect your ability to present a defense.
>
> In addition, your UDC was conducted late due to the report being

3

deferred back to the Lieutenant's office for more information. Once the report was returned back to the UDC it had been over five working days. This was explained to you at your UDC hearing and again at your DHO hearing. This extension did not hinder your due process rights and a memo signed by the warden approving this extension is included with this packet.

The DHO found you committed the prohibited act of phone abuse, code 297.

The DHO bases this decision on the facts presented in the body of the written report. On March 06, 2017, at approximately 2:00 p.m., Officer W. Rivera monitored a telephone call made by McRae, Andre, Reg. No. 20831-057. McRae called phone number 786-546-6955 on 03-05-2017 at approximately 6:49 p.m. He spoke to a male individual. During the call McRae asked the male to call his mother. The male called his mother and was able to connect with her. McRae asked the male questions and the male relayed the information from one person to the other as a three way conversation. Three way calls are not authorized and pose a threat to the safe, secure and orderly running of FCC Coleman USP 02.

You neither admitted nor denied the charge before the DHU and stated, "No comment."

The DHO considered the fact that you exercised your right to remain silent before the DHO. You were advised that your silence could be used to draw an adverse inference against you and the DHO is exercising that option in this case. As you did not present any evidence to refute the reporting officer's written account of the incident, the DHO finds that the greater weight of the evidence supports the finding that you committed the prohibited act. Officer W. Rivera was clear in the body of his written report that he monitored a telephone call in which you were passing messages to a third party. This type of behavior is considered a three way phone call as you did not dial that person directly.

> It should be noted that there was an error in section 4 and 5 of the Incident Report as the reporting officer incorrectly identified the time staff became aware of the incident instead of the time the actual incident occurred as reported in the body of the written report. The error was corrected and initialed by W. Rivera. You were provided a copy of the revised report by the DHO and then waived the 24 hour time notice opting to proceed with the DHO hearing.
>
> Based upon the staff's account of the incident and the written report, the DHO finds that you committed the prohibited act of phone abuse, code 297, and sanctioned you accordingly.

Id. The DHO sanctioned McRae on the Code 297 violation to twenty-seven (27) days loss of Good Conduct Time; ninety (90) days loss of telephone privileges. Id. The DHO documented his reasons for the sanctions given as follows:

> The use of a telephone while incarcerated is a privilege, not a right. It is an important part of the institutions security that inmates only be allowed to contact those person authorized. The action/behavior for inmates to abuse the telephone system is a serious violation which jeopardizes the secure and orderly running of the institution. By attempting to abuse the telephone system, you interfere with institution procedures for the monitoring of telephone calls. Also, by abusing the telephone system, you encourage others to engage in similar behaviors.
>
> The DHO disallowed Good Conduct Time in accordance with your sentencing guidelines (PLRA). The DHO imposed the sanction of loss of telephone privileges as punishment for committing the prohibited act and to make you accountable for your actions.

Id. McRae was advised of his appeal rights at the conclusion of the hearing.

Id. The DHO report was delivered to McRae on March 27, 2017. Id.

On November 30, 2018, McRae filed the instant petition for writ of habeas corpus, seeking expungement of Incident Report No. 2959116 and the return of his good conduct time, arguing that "there is no discernable difference between a Code 397 and Code 297 Telephone Abuse Circumvention of Monitoring infraction, yet a federal prisoner is placed in jeopardy of forfeiting up to 100% more good conduct time if he is charged under Code 297 as opposed to Code 397." (Doc. 1, petition)

## II. Discussion

Liberty interests protected by the Fifth Amendment may arise either from the Due Process Clause itself or from statutory law. Torres v. Fauver, 292 F.3d 141 (3d Cir. 2002). It is well-settled that "prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Nevertheless, the Supreme Court found that there can be a liberty interest at stake in disciplinary proceedings in which an inmate loses good conduct time. Id. Since Petitioner's sanctions did include the loss of good conduct time, Petitioner has identified a liberty interest in this matter.

In Wolff, the Supreme Court set forth the following minimum procedural due process rights to be afforded to a prisoner accused of misconduct in prison which may result in the loss of good time credit: (1) the right to appear before an impartial decision-making body; (2) twenty-four hour advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action. Wolff, 418 U.S. at 563-67. The Supreme Court has held that the standard of review with regard to the sufficiency of the evidence is whether there is "any evidence in the record that could support the conclusion reached by the disciplinary board." Superintendent v. Hill, 472 U.S. 445-46 (1985); see also Griffin v. Spratt, 969 F.2d 16, 19 (3d Cir. 1992). If there is "some evidence" to support the decision of the hearing examiner, the court must reject any evidentiary challenges by the plaintiff. Hill, 472 U.S. at 457.

The Bureau of Prisons has enacted specific procedures for disciplinary proceedings. 28 C.F.R. §541.1, et seq. Under these procedures, a staff

member charges a prisoner with committing a prohibited act by issuing an incident report. 28 C.F.R. §541.5(a). The incident report ordinarily must be issued within 24 hours of the time the staff member became aware of the prisoner's involvement in the incident. Id. The incident is then investigated. Id. at §541.5(b).

After the incident is investigated, the UDC reviews the incident report and takes one of the following actions: 1) finds that the prisoner committed the prohibited act charged and/or a similar prohibited act as reflected in the incident report; 2) finds that the prisoner did not commit the prohibited act charged; or 3) refers the incident report to the DHO for further review. Id. at §541.7(a). Prohibited acts are separated into four categories based on severity: Greatest, High, Moderate, and Low. Id. at §541.3(a). If a prisoner is charged with a prohibited act in the Greatest or High category, the UDC automatically refers the incident report to the DHO for further review. Id. at §541.7(a)(4).

Under the regulations, when an incident report is referred to the DHO, a disciplinary hearing is conducted in accordance with the procedures set forth at 28 C.F.R. §541.8. The prisoner is entitled to notice of the charges at least 24 hours before the hearing. Id. at §541.8(c). The prisoner is entitled to

8

appear at the hearing and is entitled to staff representation at the hearing. Id. at §541.8(d) & (e). The prisoner is entitled to make a statement and to present documentary evidence. Id. at §541.8(f). A prisoner may request to have witnesses appear at the hearing on his behalf, but the DHO may refuse to call requested witnesses if they are not reasonably available, if their presence would jeopardize institutional security, or if they would present repetitive evidence. Id. The DHO considers all evidence presented at the hearing. Id. The decision of the DHO must be based on at least some facts and, if there is conflicting evidence, the decision must be based on the greater weight of the evidence. Id. Following the hearing, the DHO must provide a written report documenting that the prisoner was advised of his rights. Id. at §541.8(h). The report must document the evidence relied upon by the DHO, the findings of the DHO, the sanctions imposed by the DHO, and the reasons of the DHO for imposing those sanctions. Id.

In the instant case it is clear from the record that McRae was afforded all of the required procedural rights set forth in Wolff. To the extent that Petitioner argues that the DHO found him guilty of Phone Abuse (Code 297) instead of Phone Abuse (Code 397), an act, he claims he was not originally charged with, BOP policy as codified at 28 C.F.R. §541.8(a)(1) provides that

the DHO may find that an inmate "committed the prohibited act(s) charged, and/or a similar prohibited act(s) as described in the incident report."

According to BOP Program Statement 5270.09, Inmate Discipline Program, Code 297 is described as: "[use] of the telephone for abuses other than illegal activity which circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number called; or to commit or further a High category prohibited act." (Doc. 4-1 at 52). Code 397 is described as: "[u]se of the telephone for abuses other than illegal activity which do not circumvent the ability of staff to monitor frequency of telephone use, content of the call, or the number called; or to commit or further a Moderate category prohibited act." (Doc. 4-1 at 56). The DHO found that when McRae called one number and then had that person dial a second number and communicate information back and forth between the parties, he circumvented the ability of staff to monitor his telephone use, including the content of his call and the number he called. Thus, the record clearly reveals the existence of sufficient evidence to allow the DHO to conclude that the greater weight of the evidence supported that McRae had committed the prohibited act of Telephone Abuse, in violation of Code 297.

Since McRae was afforded all of his procedural rights, the only

remaining issue is whether there was sufficient evidence to support the decision by the DHO. To the extent McRae alleges there was insufficient evidence to find he had committed the prohibited acts, the decision of the DHO is entitled to considerable deference by a reviewing court and the decision should be upheld if there is "some evidence" to support the decision. In Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445 (1985), the Supreme Court held that the "some evidence" standard applies in addressing a [ ] prisoner's due process claim. Id. at 456-57; see Thompson v. Owens, 889 F.2d 500, 501- 02 (3d Cir. 1989).

The United States Court of Appeals for the Third Circuit observed that the standard found in 28 C.F.R. §541.17(f) (1986) was more stringent than the "some evidence" standard. Henderson v. Carlson, 812 F.2d 874, 879 (3d Cir. 1987). The Court concluded that the "substantial evidence" standard in §541.17(f) (1986) was "clearly higher than any standard that the Constitution imposes on prison disciplinary proceedings." Id. In 2007, §541.17(f) was amended and no longer includes the "substantial evidence" standard. 28 C.F.R. §541.17(f) (2007). Section 541.17(f) (2007) now requires that a DHO's decision be based on "some facts" and, if there is conflicting evidence, the decision is based on "the greater weight of the evidence." Id.

A DHO need not accept what the inmate perceives to be the "best" or most convincing or persuasive set of facts. Rather, under Hill, there need only be "some evidence" to support the disciplinary decision. 472 U.S. at 455-56. This standard is satisfied where "there is any evidence in the record that could support the conclusion reached by the disciplinary board." Id. A disciplinary committee's resolution of factual disputes should not be subject to review where the standard in Hill is satisfied. Id.

In this case, the record clearly reveals the existence of documentary evidence submitted at the hearing to allow the DHO to conclude that the greater weight of the evidence supported a finding of guilt. In accordance with Hill, there need only be "some evidence" to support the disciplinary decision. 472 U.S. at 455-56. In this instance, there is "some evidence" to support the decision of the DHO.

Finally, the Court finds that all sanctions imposed by the DHO were within the limits of 28 C.F.R. §541.3. Petitioner was found guilty of a 100-level, greatest severity prohibited act. Pursuant to 28 C.F.R. §541.3, the following are the sanctions available for 200-level offenses:

    A.    Recommend parole date rescission or retardation.
    B.    Forfeit and/or withhold earned statutory good time or non-vested good conduct time up to 50%, or up to 60 days, whichever is less, and/or terminate or disallow

>	extra good time (an extra good time or good conduct time sanction may not be suspended).
> B.1.	Disallow ordinarily between 25% and 50% (14-27 days) of good conduct time credit available for year (a good conduct time sanction may not be suspended).
> C.	Disciplinary segregation (up to 6 months)
> D.	Make monetary restitution.
> E.	Monetary fine.
> F.	Loss of privileges (e.g. visiting, telephone, commissary, movies, recreation).
> G.	Change housing (quarters).
> H.	Remove from program and/or group activity.
> I.	Loss of job
> J.	Impound inmate's personal property.
> K.	Confiscate contraband.
> L.	Restrict to quarters.
> M.	Extra duty.

Thus, the sanctions imposed by the DHO in the present case were consistent with the severity level of the prohibited act and within the maximum available to the DHO. Accordingly, the petition will be denied.

## III.	Conclusion

For the reasons stated above, the petition for a writ of habeas corpus will be **DENIED**. A separate Order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Dated:  December 16, 2019**

18-2298-01

13